|  |  |
|---|---|
| GARLAND SUPPLY COMPANY and 7201 CORP., Florida corporations,<br><br>    Plaintiffs,<br><br>v.<br><br>A.L. WILSON CHEMICAL COMPANY, a foreign corporation<br><br>    Defendant.<br>_____/ | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA<br><br>GENERAL JURISDICTION DIVISION<br><br>CASE NO:<br><br>Exhibit 1 |

## COMPLAINT FOR DAMAGES

Plaintiffs, GARLAND & 7201, by and through the undersigned attorneys, hereby sue the Defendants, WILSON, a foreign corporation, for damages and alleges:

### JURISDICTION

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000) exclusive of costs, interest, and attorneys' fees.

### THE PARTIES

2. Plaintiff, GARLAND, is a Florida corporation organized and existing under the law of the State of Florida, doing business in Miami-Dade County Florida.

3. Plaintiff, GARLAND SUPPLY COMPANY (hereinafter referred to as "GARLAND"), engages in the business of distributing and selling chemicals and supplies to dry cleaners and other businesses.

1

EXHIBIT 1

4. Plaintiff, 7201 CORP., is a Florida corporation organized and existing under the law of the State of Florida, doing business in Miami-Dade County Florida, and is the legal owner of real property located at 7800 W 25th Avenue, Hialeah, FL 33016.

5. Plaintiffs GARLAND and 7201 CORP. are both owned by the same principals.

6. Plaintiff, GARLAND, operated its business out of a warehouse in and was a tenant in possession of the property owned by Plaintiff 7201 CORP. located at 7800 W 25th Avenue, Hialeah, FL 33016 (hereinafter referred to as "the Subject Property").

7. Defendant, A.L. WILSON CHEMICAL COMPANY (hereinafter referred to as "WILSON"), is a foreign corporation, and among other things, engages in the business of manufacturing, distributing, and/or selling dry cleaning chemicals.

8. Defendant WILSON was the manufacturer, distributor, supplier and/or seller of a product known as "SoGo S.M.R. Phosphate Free" (hereinafter referred to as the "Subject Chemical") which was a powdered laundry stain remover used by commercial and industrial cleaners.

9. Plaintiff GARLAND regularly purchased the Subject Chemical from Defendant WILSON and distributed and re-sold it to its customers.

10. At some point prior to the incident at issue in this case, Defendant WILSON reformulated the Subject Chemical and/or changed its method and materials used to package and transport it.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. On or around November 6, 2018, Plaintiff GARLAND had in its warehouse on the subject property one or more containers of the subject chemical when the chemical spontaneously combusted, ignited a fire on the property, and caused massive damage.

12. On or around November 9, 2018, Plaintiff GARLAND once again had in its warehouse on the subject property one or more containers of the subject chemical when the chemical, once again, spontaneously combusted, ignited a fire on the property, and caused even more devastating damage.

13. As a result of the subject fires, the entire building structure on the subject property was completely destroyed along with all of the personal property contained within it.

14. The subject chemical was defective in design and/or in its manufacturing and that defective led to the accidental and inadvertent spontaneous combustion and/or ignition which caused the fire that damaged and/or destroyed the subject property and its contents as described above.

## COUNT I:
## PLAINTIFF GARLAND'S NEGLIGENCE CLAIM

15. Plaintiff GARLAND incorporates the allegations in paragraphs 1 through 13 as if fully set forth herein.

16. Defendant WILSON had a legal duty to exercise reasonable care in the designing, manufacturing, inspecting, testing, and/or distributing of the Subject Chemical so that it would be reasonably safe in its handling, storing, transporting, and/or use.

17. Defendant WILSON had a legal duty to warn of all reasonably foreseeable risks and dangers it knew or should have known existed in the Subject Chemical with regard to its handling, storing, transporting, and/or use.

18. Said duties of care extended to Plaintiff GARLAND and to the public as a whole.

19. Defendant WILSON breached its duty of care to Plaintiff GARLAND in ways such as, but not limited to:

    a. Negligently designing and formulating the Subject Chemical in that it was unreasonably dangerous and could spontaneously combust and ignite under normal and foreseeable use and handling of the Subject Chemical.

    b. Negligently manufacturing the Subject Chemical in that it was unreasonably dangerous and could spontaneously combust and ignite under normal and foreseeable use and handling of the Subject Chemical.

    c. Negligently inspecting and/or testing the Subject Chemical and failing to discover that it was unreasonably dangerous and could spontaneously combust and ignite under normal and foreseeable use and handling of the Subject Chemical.

    d. Negligently distributing and/or selling the Subject Chemical in that it was unreasonably dangerous and could spontaneously combust and ignite under normal and foreseeable use and handling of the Subject Chemical.

    e. Negligently failing to warn of foreseeable dangers Defendant WILSON knew or should have known regarding the Subject Chemical.

20. Because of Defendant WILSON'S breach of its duty of care, the Subject Chemical was unreasonably dangerous, defective, and posed unreasonable risks to people and property in contact with Said Chemical including Plaintiff GARLAND's employees, staff and property.

21. As a result of said breach of duties, Plaintiff GARLAND sustained damages, including but not limited to damage to its property and economic damages to its business, including loss of business income in the past and the future, loss of business opportunity and damage to its reputation.

**WHEREFORE**, Plaintiff GARLAND SUPPLY COMPANY demands judgment against the Defendant, A.L. WILSON CHEMICAL COMPANY, for compensatory damages in compensatory damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), costs allowed by law, and any other relief as this Court deems just proper.

## COUNT II:
## PLAINTIFF GARLAND'S STRICT LIABILITY CLAIM

22. PLAINTIFF GARLAND re-alleges and incorporates the allegations in paragraphs 1 through 13 as if fully set forth herein.

23. DEFENDANT WILSON designed, formulated, manufactured, distributed, and/or sold the Subject Chemical.

24. At the time it left DEFENDANT WILSON's possession, the Subject Chemical was in a defective and unreasonably dangerous condition.

25. The Subject Chemical's defective and unreasonably dangerous condition caused damage to Plaintiff GARLAND.

26. As a legal cause of the Subject Chemical's defective and unreasonably dangerous condition, Plaintiff GARLAND sustained damages, including but not limited to damage to its property and economic damages to its business, including loss of business income in the past and the future, loss of business opportunity and damage to its reputation.

**WHEREFORE**, Plaintiff GARLAND SUPPLY COMPANY demands judgment against the Defendant, A.L. WILSON CHEMICAL COMPANY, for compensatory damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), costs allowed by law, and any other relief as this Court deems just proper.

## COUNT III:
## PLAINTIFF 7201 CORP.'S NEGLIGENCE CLAIM

27. The Plaintiff 7201 CORP. incorporates the allegations in paragraphs 1 through 13 as if fully set forth herein.

28. Defendant WILSON had a legal duty to exercise reasonable care in the designing, formulating, manufacturing, inspecting, testing, and/or distributing of the Subject Chemical so that it would be reasonably safe in its handling, storing, transporting, and/or use.

29. Defendant WILSON had a legal duty to warn of all reasonably foreseeable risks and dangers it knew or should have known existed in the Subject Chemical with regard to its handling, storing, transporting, and/or use.

30. Said duties of care extended to Plaintiff 7201 CORP. and to the public as a whole.

31. Defendant WILSON breached its duty of care to Plaintiff 7201 CORP in ways such as, but not limited to:

    a. Negligently designing and formulating the Subject Chemical in that it was unreasonably dangerous and could spontaneously combust and ignite under normal and foreseeable use and handling of the Subject Chemical.

    b. Negligently manufacturing the Subject Chemical in that it was unreasonably dangerous and could spontaneously combust and ignite under normal and foreseeable use and handling of the Subject Chemical.

    c. Negligently inspecting and/or testing the Subject Chemical and failing to discover that it was unreasonably dangerous and could spontaneously combust and ignite under normal and foreseeable use and handling of the Subject Chemical.

    d. Negligently distributing and/or selling the Subject Chemical in that it was unreasonably dangerous and could spontaneously combust and ignite under normal and foreseeable use and handling of the Subject Chemical.

    e. Negligently failing to warn of foreseeable dangers Defendant WILSON knew or should have known regarding the Subject Chemical.

32. Because of Defendant WILSON'S breach of its duty of care, the Subject Chemical was unreasonably dangerous, defective, and posed unreasonable risks to people and property in contact with Said Chemical including Plaintiff 7201 CORPs employees, staff and property.

33. As a result of said breach of duties, Plaintiff 7201 CORP. sustained damages, including but not limited to damage to its property and economic damages to its business, including loss of business income in the past and the future, loss of business opportunity and damage to its reputation.

**WHEREFORE**, Plaintiff, 7201 CORP., demands judgment against the Defendant, A.L. WILSON CHEMICAL COMPANY, for compensatory damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), costs allowed by law, and any other relief as this Court deems just proper.

<u>**COUNT IV:**</u>
<u>**PLAINTIFF 7201 CORP.'S STRICT LIABILITY CLAIM**</u>

34. PLAINTIFF 7201 CORP. re-alleges and incorporates the allegations in paragraphs 1 through 13 as if fully set forth herein.

35. DEFENDANT WILSON designed, formulated, manufactured, distributed, and/or sold the Subject Chemical.

36. At the time it left DEFENDANT WILSON's possession, the Subject Chemical was in a defective and unreasonably dangerous condition.

37. The Subject Chemical's defective and unreasonably dangerous condition caused damage to Plaintiff 7201 CORP.

38. As a legal cause of the Subject Chemical's defective and unreasonably dangerous condition, Plaintiff 7201 CORP. sustained damages, including but not limited to damage to its property and economic damages to its business, including loss of business income in the past and the future, loss of business opportunity and damage to its reputation.

**WHEREFORE**, Plaintiff,7201 CORP., demands judgment against the Defendant, A.L. WILSON CHEMICAL COMPANY, for compensatory damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), costs allowed by law, and any other relief as this Court deems just proper.

## DEMAND FOR JURY TRIAL

Plaintiffs GARLAND SUPPLY COMPANY and 7201 CORP., hereby demand trial by jury on all issues so triable as of right.

Dated this      day of March, 2021.

**STABINSKI & FUNT, PA**
757 Northwest 27th Avenue
Third Floor
Miami, FL 33125
Telephone:	(305) 643-3100
Facsimile:	(305) 643-1382
ts@stabinskilaw.com
crichardson@stabinskilaw.com
service@stabinskilaw.com

/s/ Todd J. Stabinski
_____
Todd J. Stabinski, BCS.
Florida Bar No.: 105988

**NOTICE OF DESIGNATION OF E-MAIL ADDRESS(ES)**

The undersigned, in accordance with Florida Rule of Judicial Administration 2.516, hereby designates the following as their e-mail addresses:

        Primary:        ts@stabinskilaw.com

        Secondary:        crichardson@stabinskilaw.com

        Tertiary:        service@stabinskilaw.com

        /s/ Todd J. Stabinski

        Todd J. Stabinski, BCS.
        Florida Bar No.:  105988